[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] PRE-APPEAL ARTICULATION
On May 12, 1999, this Court issued a memorandum of decision in the above-captioned matter. The Court has been informed by the Appellate Court Clerks' Office that Certification has been granted to each side. The appeal has been filed by neither side.
On May 21, 1999, the plaintiff, Berlin Batting Cages, Inc., filed a pre-appeal motion for articulation. On May 28, 1999, the defendant, Berlin Planning Zoning Commission, filed a pre-appeal motion for articulation. At the request of the attorneys, the Court met for approximately one hour in chambers on June 30, 1999 to discuss the areas in which the attorneys wished articulation. Following that meeting, the Court articulates as follows:
1. On page 10 of the Court's memorandum of decision under the section entitled Other Regulations, that section should read as follows:
 "Because Section XIII.9 is found to have been adopted by the Commission, although with technical defects in the process, because it does not implicate the preemption of Chapter 442, and because the Court finds that it is validated by the Validating Act of 1997, Article XIII.9 may be applied to this application. However, no section may be applied to this application which the Court has found not to have been adopted, nor may any noise regulation be applied which grows out of the comprehensive regulations of Chapter 442."
The Court has considered only the preemption of Chapter 442 with regard to noise regulations. Nothing in its decision is intended to rule on the appropriateness of noise as an incidental matter related to other validly adopted regulations or the evaluation of other validly adopted regulations.
The Court further notes that while it has addressed the issue of the relationship between the time of the appeal and the CT Page 8998 efficacy of the 1997 Validating Act in fact, the adoption of the regulations in question would appear to be validated by the 1995 Validating Act so as to render the temporal argument surrounding the 1997 argument moot.
By,
Kevin E. Booth, J.